UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2021 MAR 16 P 12: 20

..... OF COURT

UNITED STATES OF AMERICA,

                Plaintiff,

    v.

CHRISTOPHER A. HUNTER and
ANGELIQUE N. HUNTER,

                Defendants.

Case No. **21-CR-06**

[21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C), and 846]

**Green Bay Division**

## INDICTMENT

### COUNT ONE

**THE GRAND JURY CHARGES THAT:**

1.    Beginning on or about May 1, 2020, and continuing until on or about August 25, 2020, in the State and Eastern District of Wisconsin and elsewhere,

**CHRISTOPHER A. HUNTER and
ANGELIQUE N. HUNTER**

knowingly and intentionally conspired with each other and with persons known and unknown to the grand jury, to distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

2.    The conspiracy involved 40 grams or more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II controlled substance, and methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B).

1

Case 1:21-cr-00063-WCG    Filed 03/16/21    Page 1 of 6    Document 1

Case 1:26-cr-00103-UA    Document 1-1    Filed 05/22/26    Page 1 of 6

<u>COUNT TWO</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 28, 2020, in the State and Eastern District of Wisconsin,

**CHRISTOPHER A. HUNTER**

knowingly and intentionally distributed a mixture and substance containing a detectable amount

of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

2

## COUNT THREE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 30, 2020, in the State and Eastern District of Wisconsin,

### ANGELIQUE N. HUNTER

knowingly and intentionally distributed a mixture and substance containing a detectable amount

of methamphetamine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

3

<u>**COUNT FOUR**</u>

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 17, 2020, at approximately 3:10 p.m., in the State and Eastern District of Wisconsin,

**CHRISTOPHER A. HUNTER**

knowingly and intentionally distributed a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

4

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about August 17, 2020, at approximately 9:00 p.m., in the State and Eastern District of Wisconsin,

**CHRISTOPHER A. HUNTER**

knowingly and intentionally distributed a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide), a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

5

## NOTICE OF FORFEITURE

1.  Upon conviction of any of the controlled substance offenses, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violations, including but not limited to a sum of money representing the amount of proceeds obtained as a result of the offenses.

2.  If any of the property described above, as a result of any act or omission by a defendant: cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third person; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be subdivided without difficulty, the United States of America shall be entitled to forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p).

A TRUE BILL:

FOREPERSON

Dated: _3/16/2021_

RICHARD G. FROHLING
Acting United States Attorney

6